The Honorable Art Givens State Representative 301 Brookwood Rd. Sherwood, Arkansas 72116
Dear Representative Givens:
This is in response to your request for an opinion on the following two questions:
 1. Are municipal courts now `courts of record' under the Constitution of the State of Arkansas?
 2. Does Arkansas Code Annotated 16-66-221 (when it refers to courts of record) encompass judgments arising out of municipal courts?
It is my opinion that the answer to both of your questions is "yes."
In response to your first question, it is my opinion that municipal courts are generally "courts of record," not by virtue of any provision of the Constitution, but rather by statute and under the common law.[1] It is clear, in my opinion, that municipal courts created under the authority of A.C.A. §16-17-201—224 (enacted in 1927 and applying to cities with populations over 2,400 and county seat towns of less than 2,400 population) are "courts of record" because a provision of this subchapter expressly so provides. See A.C.A. § 16-17-205(a). Additionally, it appears that municipal courts established under either A.C.A. § 16-17-401—403 (enacted in 1973 and applying to cities of the first and second class and incorporated towns), or A.C.A. § 16-17-501—503 (enacted in 1985 and applying to cities with populations of less than 2,400), would also be "courts of record" because these courts are invested with the same powers and jurisdiction as other municipal courts. See A.C.A. §16-17-401(b), and A.C.A. § 16-17-502. A question in this regard may arise, however, as to the municipal courts created under the provision of A.C.A. § 16-17-301—305 (enacted in 1947 and applying to county seat municipalities which are cities of the second class). There is no provision of law which denotes, either expressly or by implication, that these courts are "courts of record." It should be noted, however, that to the extent these courts have a clerk and a seal, a presumption is raised and is prima facie evidence that the court is a court of record.Adamson v. Adamson, 9 Ark 26 (1848). Because these municipal courts are provided the services of the city recorder as municipal court clerk, it is my opinion that these municipal courts as well are "courts of record." Additionally, the Attorney General has opined on at least two separate occasions that municipal courts are "courts of record." See Op. Att'y. Gen. Nos. 89-285, and 84-215, copies of which are enclosed.
With regard to your second question it is my opinion, in light of the answer to your first question above, that the provisions of A.C.A. § 16-66-221 (Cum. Supp. 1991) apply to municipal courts. This statute, which was enacted as Act 610 of 1991, requires any resident of the state who has a final judgment order of a "court of record" entered against him to prepare a schedule of all his property and specify the property which is claimed as exempt within forty-five days of the entry of the final judgment order.
Because municipal courts, in my opinion, are "courts of record," the above statute applies to municipal courts.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh Enclosures
[1] Municipal or "corporation" courts are discussed in the Arkansas Constitution, at art. 7, § 1; art. 7, § 43; and Amendment 64. None of these provisions specifically address the question of whether these courts are "courts of record."